UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAHIM RASHKABAR | CIVIL ACTION |
| VERSUS | NO. 07-6745 |
| ALLMERICA FINANCIAL, ET AL. | SECTION "N"  (1) |

## ORDER AND REASONS

Before the Court is the Motion for Involuntary Dismissal, or, in the Alternative, Motion to Dismiss for Failure to State a Claim (Rec. Doc. 16), which was filed by The Hanover Insurance Company ("Hanover"). After considering the memoranda filed by the parties and the applicable law, the Court rules as set forth herein.

### I.  BACKGROUND

The property of Plaintiff Rahim Rashkabar ("Rashkabar"), located at 1013-1015 Decatur Street, New Orleans, Louisiana ("the Property"), was allegedly damaged as a result of Hurricane Katrina. On August 24, 2007, Rashkabar filed suit against Allmerica Financial ("Allmerica"), Citizens Insurance ("Citizens"), and Hanover, claiming that they had all issued a policy of insurance to him over the Property. Hanover was the only defendant who Rashkabar initially sued that was served with this Petition.

Hanover answered Rashkabar's Complaint and admitted issuing the policy; however, it did so without the benefit of the policy or the claims file. Upon receipt of the policy and claims file, Hanover claims to have realized then that Massachusetts Bay Insurance Company ("MBIC") was actually the entity that issued the policy to Rashkabar. Hanover then sought and was granted leave to amend its answer to deny that it issued the insurance policy at issue. (Rec. Docs. 13, 22, and 23). Hanover also filed the instant motion to dismiss, which seeks to have Rashkabar's claims against

it, Allmerica, and Citizens dismissed, claiming that they did not provide coverage for the alleged damages to the Property. Meanwhile, Rashkabar filed an Amended Complaint, adding MBIC as a defendant. (Rec. Doc. 27).

## II.     DISCUSSION

Hanover asserts that Rashkabar's claims against it, Allmerica, and Citizens should be dismissed as none of them issued the insurance policy to Rashkabar. Hanover points to the policy certification, which provides:

> The undersigned, James Gavrilles, Policy Processor for The Hanover Insurance Company, hereby certifies that the attached is an accurate reproduction of the declaration (s) and policy forms as produced by the Massachusetts Bay Ins. Co. For policy # 000 5686166 for the policy period 10-30-04/10-30-05 from microfiche

(Exhibit A to Rec. Doc. 16). Hanover also notes that the Renewal Declarations page states, "Coverage Is Provided in the Massachusetts Bay Insurance Company." (Exhibit A to Rec. Doc. 16).

Rashkabar, on the other hand, refers the Court to the signatory page of the contract of insurance, which provides:

> IN WITNESS WHEREOF, This stock company has caused this policy to be signed by its President and Secretary, and countersigned on the declarations page by a duly authorized agent of the company.
>
> The Hanover Insurance Company
> Massachusetts Bay Insurance Company
> 100 North Parkway, Worcester, Massachusetts 01605
>
> [Signatures of President and Secretary]
>
> Citizens Insurance Company of America
> 645 West Grand River, Howell, Michigan 48843
>
> [Signatures of President and Secretary]

(Exhibit to Rec. Doc. 25). Thus, Rashkabar claims that Hanover and Massachusetts are "one and

the same." (Rec. Doc. 25, p. 2). He also contends that the above illustrates that Citizens has joined Hanover and MBIC on the risk associated with this policy of insurance. In addition, Rashkabar notes that in the upper right-hand corner of the signatory page the following logo appears**:**

>   ALLMERICA FINANCIAL
>   <u>CITIZENS FINANCIAL</u>
>   HANOVER INSURANCE

(Exhibit to Rec. Doc. 25). MBIC is not listed in the logo.

Based on the signatory page submitted by Rashkabar, the Court cannot, at this juncture, determine that Rashkabar has not stated a claim against Hanover, Allmerica, and Citizens. Thus, this motion to dismiss is denied.

### III.   CONCLUSION

Considering the foregoing, **IT IS ORDERED that** the **Motion for Involuntary Dismissal, or, in the Alternative, Motion to Dismiss for Failure to State a Claim (Rec. Doc. 16**) is **DENIED.**

New Orleans, Louisiana, this 30th day of <u>April</u>, 2008.

                                              _____
                                              **KURT D. ENGELHARDT**
                                              **UNITED STATES DISTRICT JUDGE**