UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAHIM RASHKABAR | * | CIVIL ACTION NO. 07-6745 |
| | * | |
| VERSUS | * | SECTION "N" |
| | * | |
| ALLMERICA FINANCIAL, CITIZENS INSURANCE AND HANOVER INSURANCE COMPANY | * * * | MAGISTRATE (1) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 34)** filed by defendant Massachusetts Bay Insurance Company ("Massachusetts Bay"). Plaintiff Rahim Rashkabar opposes the motion. After considering the memoranda filed by the parties and the applicable law, the Court rules as set forth herein.

## I. BACKGROUND

The property of Plaintiff, Rahim Rashkabar, located at 1013-1015 Decatur St., New Orleans, Louisiana, was allegedly damaged during Hurricane Katrina. In August 2007, Plaintiff filed suit in Civil District Court for the Parish of Orleans against Allmerica Financial, Citizens Insurance, and Hanover Insurance Company, claiming that all of these companies had issued an insurance policy on Plaintiff's property. Hanover Insurance Company answered, admitting that it issued the policy, but did not actually check to confirm that fact. Once Hanover reviewed the policy and claims file, it amended its answer, denying that it issued the policy and identifying Massachusetts Bay as the issuer. Plaintiff then amended the suit to add Massachusetts Bay as a Defendant, but failed to dismiss the other named Defendants in the action. Defendant Hanover Insurance Company filed a Motion for Involuntary Dismissal before this court, seeking to dismiss Allmerica, Citizens, and

1

Hanover.  This Court denied the motion. *See* Order of May 1, 2008 (Rec. Doc. 33)

Massachusetts Bay now moves for partial summary judgment on the claims against Allmerica, Citizens, and Hanover because Massachusetts Bay contends that none of these other parties issued a policy to Plaintiff.  Massachusetts Bay admits that it issued the policy in question.  In opposition, Plaintiff contends that the signatory page of the policy clearly indicates that these other companies joined together with Massachusetts Bay on the risk or at least creates an ambiguity as to this issue.  Plaintiff also points out that the policy also contains a logo on each page with the names of all the entities.

## II. DISCUSSION

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party must simply point out that there is insufficient proof in the record concerning an essential element of the nonmoving party's claim.  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party carries his burden, the nonmoving party must then overcome summary judgment by presenting evidence beyond the pleadings, such as discovery or affidavits, to show specific facts that there is some genuine issue for trial, thus making summary

2

judgment inappropriate. *Id.* at 324. When the court is considering a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002). The nonmovant's burden of demonstrating a genuine issue for trial is not satisfied merely by creating conclusory allegations or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

An insurance policy is a contract between the parties and, as with all other contracts, it constitutes the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988) (citing *Carney v. Am. Fire & Indem. Co.*, 371 So. 2d 815 (La. 1979)). Courts have no authority to interpret or alter the terms of any contract, including an insurance policy when the policy provisions within are unambiguous. *Id.* (citing *Monteleone v. Am. Emp. Ins. Co.*, 120 So. 2d 70 (La. 1960)).

Massachusetts Bay has submitted a copy of the policy which includes the declarations page of that policy. This declarations page clearly and unambiguously states that coverage was provided by Massachusetts Bay Insurance Company. (Def. Exh. A). The logo at the top of the declarations page lists Allmerica, Citizens, and Hanover. According to Massachusetts Bay, Hanover, Citizens, and Massachusetts Bay are all subsidiaries of the Hanover Insurance Group, formerly known as Allmerica Financial. (Def. Exh. C). This pre-printed, standard logo does not, in and of itself, create an ambiguity with respect to the otherwise clear and unambiguous statement regarding coverage on the declarations page. Most importantly, Defendant has submitted an affidavit from Deborah Reed, an employee of Hanover Insurance Group. She handles the small commercial claims underwritten by Massachusetts Bay. In her affidavit, she acknowledges that the only policy relevant to this lawsuit is the one produced as Exhibit A, issued by Massachusetts Bay Insurance Company, and no other company. This affidavit is uncontested and provides the additional evidentiary weight that satisfies the Defendant's Rule 56 burden.

Plaintiff relies heavily on the signatory page to the policy which is signed by the president

3

and secretary of Hanover Insurance Company, Massachusetts Bay Insurance Company, and Citizens Insurance Company. (Plf. Exh. 25-2). Because these companies are all subsidiaries of Hanover Insurance Group, as previously discussed above, this page appears to be a form page that is appended to policies issued by all of the companies, including Massachusetts Bay. This page in and of itself does not support Plaintiff's argument that these companies joined together in the risk and jointly issued the policy. This signatory page is the only piece of evidence that Plaintiff relies on. Therefore, the Court believes that this evidence alone, compared to the clear and unambiguous nature of the declarations page of the policy and the uncontested affidavit, is not enough to create a factual dispute sufficient to permit a reasonable trier of fact to find for the Plaintiff at trial.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the Motion for Partial Summary Judgment is **GRANTED.** The Plaintiff's claim as to Allmerica Financial, Citizens Insurance, and Hanover Insurance Company shall be **DISMISSED**.

New Orleans, Louisiana, this 15th day of October 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

4